```
             IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| MICHELE RENN CORCHADO and JONATHAN MUSSO,<br><br>          Plaintiffs,<br><br>     v.<br><br>FOULKE MANAGEMENT CORP., et al.,<br><br>          Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>    Civil Action<br>    No. 15-6600 (JBS/JS)<br><br>**MEMORANDUM OPINION** |

**SIMANDLE, Chief Judge:**

This matter comes before the Court on Defendants' Foulke Management Corp. and Wells Fargo Dealer Services appeal [Docket Item 34] of Magistrate Judge Joel Schneider's May 6, 2016 Opinion and Order [Docket Item 25], which the Third Circuit has instructed be considered as a Report & Recommendation on a dispositive motion, denying without prejudice Defendants' motions to compel arbitration and granting limited discovery regarding arbitrability. The principal issue to be decided is, when parties opposing arbitration contest the existence of an enforceable arbitration agreement by presenting non-frivolous evidence that the agreement was induced by fraud, whether the determination of the existence of an enforceable arbitration agreement is to be made by the court or by the arbitrator. Because the answer to this question – that it is a threshold

matter for the court – has been squarely decided by binding precedent, Judge Schneider's determination was correct. For the reasons that follow, the Court will adopt Judge Schneider's Report & Recommendation and will deny Defendants' appeal of the Opinion. The Court finds as follows:

1.  **Background.** Plaintiffs are two individuals who purchased, or attempted to purchase, used cars at two different stores owned by Defendant Foulke Management Corp. ("Foulke"). (See Complaint [Docket Item 1].) Generally, Plaintiffs aver that Foulke employees fraudulently induced them to sign contracts for cars other than the ones each Plaintiff wished to buy, without permitting them a chance to read or receive copies of the documents. (See generally id.) Plaintiffs assert claims against Foulke, a number of the company's employees, and Wells Fargo Dealer Services ("Wells Fargo"), alleging violations of the New Jersey Consumer Fraud Act, common law fraud, the Holder in Due Course Rule, the New Jersey Truth-in-Consumer Contract Warranty and Notice Act, the New Jersey Plain Language Act, and the federal Truth-in-Lending Act.

2.  Plaintiffs initially filed this case in the Superior Court, Law Division, Camden County, which Foulke timely removed. Foulke, and later Defendant Wells Fargo, both moved to dismiss the complaint and compel arbitration pursuant to arbitration agreements that both Plaintiffs signed with Foulke. [Docket

2

Items 3 & 14.] Both motions to compel arbitration were referred to Magistrate Judge Joel Schneider. Plaintiffs opposed the motions on the ground that the arbitration agreements were unenforceable because they were obtained by fraud and were not knowingly entered into by Plaintiffs. [Docket Item 16.] Following oral argument, Judge Schneider denied without prejudice Defendants' motions to compel arbitration and ordered limited discovery to resolve the issue of whether the parties mutually assented to arbitration. [Docket Item 25.][1] Defendants appealed Judge Schneider's May 6, 2016 Opinion and Order to the Third Circuit Court of Appeals [Docket Item 29], which appeal was dismissed by the Court of Appeals for lack of jurisdiction. The Court of Appeals found that, because the parties had not consented to have Judge Schneider decide their case pursuant to 28 U.S.C. § 636(c), his May 6, 2016 Opinion and Order was the equivalent of a Report & Recommendation on a dispositive motion under 28 U.S.C. § 636(b)(1)(C) and not a final order. [Docket Item 33.] This objection to Judge Schneider's May 6, 2016 Opinion and Order followed.

    3.   In their appeal, Defendants argue that Judge Schneider incorrectly found that he, rather than an arbitrator, should

---

[1] Judge Schneider also ordered that Plaintiff Musso's case should be severed from Plaintiff Corchado's [Docket Item 26], but that Order was stayed while Defendants pursued their appeal to the undersigned.

decide the gateway issue of arbitrability under the Supreme Court's rule in Rent-A-Center, West Inc. v. Jackson, 561 U.S. 63 (2010), and that there is an issue of fact as to whether Plaintiffs agreed to arbitrate their claims under the Third Circuit's rule in Guidotti v. Legal Helpers Debt Resolution, L.L.C., 716 F.3d 764 (3d Cir. 2013). Plaintiffs oppose on the grounds that Judge Schneider correctly applied Rent-A-Center and Guidotti to find that compelling arbitration at this stage would be premature.

4.   **Standard of Review.** The Magistrates Act, 28 U.S.C. § 636(b), Fed. R. Civ. P. 72(b), and L. Civ. R. 72.1c(2) provide that a District Court shall review de novo a Magistrate Judge's report and recommendation upon objections by the parties. De novo review does not require an additional hearing, United States v. Raddatz, 447 U.S. 667, 674-76 (1980), but rather that the court, "at its discretion, may rely on the record developed by the magistrate judge, or it may conduct a new hearing, receive further evidence, recall witnesses, or send the matter back to the magistrate judge with additional instructions." Cataldo v. Moses, 361 F. Supp. 2d 420, 426 (D.N.J. 2004); see also L. Civ. R. 72.1(c)(2).

5.   In the Third Circuit, when a party moves to compel arbitration based on the terms of an agreement, courts apply a two-tier standard of review. See Guidotti v. Legal Helpers, 716

4

F.3d 764 (3d Cir. 2013). Where it is apparent on the face of the complaint, or in documents relied upon in the complaint, that the claims at issue in the case are subject to arbitration, the case is considered under a motion to dismiss standard, Fed. R. Civ. P. 12(b)(6). Id. at 774-76. However, where the complaint does not establish on its face that the parties have agreed to arbitrate, or where the party opposing arbitration has come forward with reliable evidence that it did not intend to be bound by an arbitration agreement, then the parties are entitled to limited discovery on the question of arbitrability before a renewed motion to compel arbitration is decided on a summary judgment standard. Id.

6. **Discussion.** For the reasons that follow, the Court agrees with and adopts Judge Schneider's recommendations that a court, and not an arbitrator, must make the gateway determination of the existence of an agreement to arbitrate, and that limited discovery is necessary to determine the enforceability of such arbitration agreements contained therein.

7. The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq., reflects a federal policy favoring arbitration. Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983). Pursuant to § 2 of the FAA, "[a] written provision in any . . . contract . . . to settle by arbitration . . . shall be valid, irrevocable and enforceable, save upon such grounds as

exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2; see also Rent-A-Center, West, Inc. v. Jackson, 561 U.S. 63, 68 ("Like other contracts, however, [arbitration agreements] may be invalidated by generally applicable contract defenses, such as fraud, duress, or unconscionability."). "Before compelling a party to arbitrate pursuant to the FAA, a court must determine that (1) there is an agreement to arbitrate and (2) the dispute at issue falls within the scope of that agreement." Century Indem. Co. v. Certain Underwriters at Lloyd's, London, 584 F.3d 513, 523 (3d Cir. 2009). Only after a court finds that an agreement to arbitrate claims exists and covers the parties' dispute may it compel arbitration. 9 U.S.C. § 4.

8. The question of whether the parties agreed to arbitrate is governed by state law principles regarding formation of contracts. First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 944 (1995). "An agreement to arbitrate, like any other contract, must be the product of mutual assent, as determined under customary principles of contract law." Atalese v. United States Legal Services Group, L.P., 99 A.3d 306, 312-13 (N.J. 2014) (citing NAACP of Camden Cnty. E. v. Foulke Mgmt., 24 A.3d 777, 790 (N.J. App. Div. 2011)). As is the case with any contract, parties are free to contract for nearly anything -- including, as is relevant here, agreeing "to

6

arbitrate 'gateway' questions of 'arbitrability,' such as whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy." Rent-A-Center, 561 U.S. at 69. In order to avoid arbitration in the face of such a contractual provision, a party must challenge the validity of the arbitration agreement itself, and not, broadly, the contract as a whole. "[I]f the claim is fraud in the inducement of the arbitration clause itself – an issue which goes to the 'making' of the agreement to arbitrate – the federal court may proceed to adjudicate it. But the [FAA] does not permit the federal court to consider claims of fraud in the inducement of the contract generally." Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395, 403-04 (1967); see also Rent-A-Center, 561 U.S. at 71 ("If a party challenges the validity under § 2 of the precise agreement to arbitrate at issue, the federal court must consider the challenge before ordering compliance with that agreement under § 4." (emphasis added).)

9.  This was precisely the record before Judge Schneider: Plaintiffs asserted a defense of fraud in the inducement of their respective stand-alone arbitration agreements in opposition to Defendants' motions to compel arbitration, supported by sworn statements. The undersigned agrees with Judge Schneider's recommendation that such a challenge, under existing

7

law, requires judicial determination of the gateway issue of arbitrability.

10. Similarly, the undersigned adopts Judge Schneider's recommendation that factual questions over the enforceability of the parties' arbitration agreements require limited discovery, under Guidotti. The Third Circuit has held that where the party opposing arbitration can "come forth with reliable evidence that is more than 'a naked assertion . . . that it did not intend to be bound' by the arbitration agreement" sufficient to put the enforceability of the agreement at issue, limited discovery is necessary to determine whether a valid arbitration agreement exists. Guidotti, 716 F.3d at 774. Here, Plaintiffs take the position that their signatures on the arbitration agreements were "procured by fraud" because the arbitration agreements were "covered by either the hands of the defendants or other documents" (Pl. Opp. to Motion to Compel Arbitration [Docket Item 16]), and submitted sworn declarations from themselves and at least one third-party witness to that effect. [See Docket Items 16-2 through 16-7.] Such supporting affidavits are more than a "naked assertion" and are sufficient "in most cases . . . to require a jury determination on whether there had in fact been a 'meeting of the minds.'" Guidotti, 716 F.3d at 778 (citing Par-Knit Mills, 636 F.3d 51, 55 (3d Cir. 1980)).

8

Accordingly, a court cannot make a determination about mutual assent on the present record alone without discovery.

    11.  Defendants' appeal of Judge Schneider's May 6, 2016 Opinion and Order is denied, and the Court will adopt the entirety of Judge Schneider's recommendations in that Opinion & Order. The accompanying Order will be entered.

**February 14, 2017**         **s/ Jerome B. Simandle**
Date                                      JEROME B. SIMANDLE
                                            Chief U.S. District Judge